UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 18-cr-222-01 |
| -vs- | JUDGE DRELL |
| SANTIAGO DELFRIERRO ANGUIANO | MAGISTRATE JUDGE PEREZ-MONTES |

RULING AND ORDER

Before the court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed *pro se* by Santiago Delfrierro Anguiano ("Anguiano") (Doc. 135). For the reasons set forth herein, the motion is DENIED, and the claims therein are DISMISSED WITH PREJUDICE.

I.  Background

On or about August 22, 2018, Anguiano was indicted with two co-defendants in a multicount indictment in the United States District Court for the Western District of Louisiana, Alexandria Division. Anguiano was charged with three counts of Attempt to Obtain or Possess Contraband in Prison in violation of 18 U.S.C. § 1791(a)(2) and (b)(1), one count of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and one count of Possess with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At his arraignment, Anguiano entered a plea of not guilty to all five counts.

On January 16, 2020, Anguiano entered into a plea agreement with the Government. At the change of plea hearing, he pleaded guilty to Count 1 of the indictment - Attempt to Obtain or

1

Possess Contraband in Prison. Anguiano's sentencing was set for April 17, 2020; however, due to the COVID 19 pandemic, the sentencing was continued and ultimately held on December 10, 2020. At the time of sentencing, Anguiano was sentenced to 120 months imprisonment consecutive to his initial sentence, 1 year of supervised release, and ordered to pay a $100 special assessment. Counts 2, 3, 7, and 8 were dismissed pursuant to the plea agreement.

On December 22, 2020, Anguiano's trial counsel filed a notice of appeal as well as a motion to withdraw from the case. That motion was granted as was a motion to enroll a panel attorney for the purposes of an appeal. On appeal, Anguiano challenged the district court's application of the sentencing guidelines asserting two arguments: (1) there was no evidence he "intended" to distribute methamphetamine, so the court erred in applying U.S. Sentencing Guideline § 2P1.2's cross-reference to §2D1.1 and the subsequent two-level enhancement of § 2D1.1(b)(4); and (2) the court erred in allowing a two-level enhancement under Guideline § 3B1.1(c) because he was not in a leadership role. The Fifth Circuit denied both of Anguiano's claims and affirmed the sentencing by this court on March 8, 2022. Anguiano did not seek further review.

On June 8, 2023, Anguiano filed the instant motion seeking to vacate, set aside, or correct his sentence arguing his counsel was ineffective in three ways:

1) Counsel failed to argue at the time of sentencing or on appeal that "attempt" does not require an overt act to convict;

2) Counsel failed to disclose Anguiano was offered a plea pursuant the Federal Rule of Criminal Procedure 11(c)(1)(C) and would have faced a sentence of 24-30 months imprisonment; and,

3) Counsel failed to object to the unlawful constructive amendment of his indictment and plea agreement by the Government and this court by adding possess with intent to distribute and attempt to distribute when there was no evidence of such and using the

word "IF as a nexus in violation of <u>Stirone</u>. Anguiano contends this is a violation of the notice and due process clauses of the Fifth and Sixth Amendments.

II.   Law & Analysis

A. 28 U.S.C. § 2255 motions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; <u>United States v. Cates</u>, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. See <u>Cates</u>, 952 F.2d at 151; see also <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may be asserted in a collateral proceeding. <u>Untied States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992); <u>United States v. Ressler</u>, 54 F.3d 257, 259 (5th Cir. 1995). Moreover, it is settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions. See <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir.), cert. den. 476 U.S. 1118 (1986); <u>United States v. Fields</u>, 761 F.3d 443, 466, 482 (5th Cir. 2014), cert. den. 135 S.Ct. 2803 (2015); <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir. 1994).

A collateral challenge may not do as a substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982). After conviction and exhaustion or waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. See United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted). A claim may not be reviewed under § 2255 absent a showing of cause and prejudice or actual innocence. United States v. Cooper, 548 F.App'x 114, 116 (5th Cir. 2013); United States v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991).

Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). In a motion to vacate a sentence for ineffective assistance of counsel, the defendant has the burden of proof. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. den., 513 U.S. 966 (1994)).

B. Evidentiary Hearing

We are able to resolve the merits of Anguiano's motion without the necessity of an evidentiary hearing because the motion, files, and record of this case provide the required and adequate factual basis necessary to resolve this matter. United States v. Reed, 719 F.3d 369, 373 (5th Cir.2013) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (internal quotations and citations omitted)).

C. Ineffective Assistance of Counsel Claims

Anguiano asserts three claims in his petition, and all three allege his trial and appellate counsel rendered ineffective assistance. Generally, a claim not raised on direct appeal is procedurally barred form collateral review, but claims of ineffective assistance of counsel at trial are an exception to this rule. Massaro v. U.S., 538 U.S. 500, 504 and 509 (2003).

To prevail on his claims, Anguiano must satisfy the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. To satisfy the deficient performance prong, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This is a "highly deferential" inquiry which requires courts to apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. See Dowthitt v. Johnson, 230 F.3d 733, 43 (5th Cir. 2000), cert. den., 532 U.S. 915 (2001) (citing Strickland, 466 U.S. at 689). Thus, the court's scrutiny of counsel's performance is highly deferential. The court must be particularly wary of arguments that essentially come down to a matter of degree, such as whether counsel investigated enough or presented enough mitigating evidence. Those questions are even less susceptible to judicial second-guessing. See Dowthitt, 230 F.3d at 743 (citing Kitchens v. Johnson, 190 F.3d 698, 703 (5th Cir. 1999)).

To satisfy the prejudice prong, Anguiano "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is "sufficient to undermine

5

confidence in the outcome." Id. A defendant is prejudiced if there is a reasonable probability that "but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 689. To make that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. The court does not assess any alleged error in isolation.

It is worth noting that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)). "One claiming ineffective assistance of counsel must identity specific acts or omissions; general statements and conclusionary charges will not suffice." Knighton v. Maggio, 740 F.2d 1344, 1349 (5th Cir. 1984) cert. den. 469 U.S. 924 (1984). "In the absence of a specific showing of how [the] alleged errors and omissions were constitutionally deficient, and how they prejudiced" the defendant, a court will find a claim of ineffective assistance of counsel to be without merit. Barnard v. Collings, 958 F.2d 634, 642 (5th Cir. 1992). Further, counsel is not ineffective for failing to raise a meritless claim. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions.") Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.").

1. Attempt crime

Anguiano's first argument states that his counsel was ineffective at sentencing and on appeal for failing to raise the following argument:

> "attempt" to obtain or possess contraband in prison" [sic] does not require an overt act to convict, moreover, attempts would lead to superfluity and render a separate codification of attempts meaningless, thus not a controlled substance

6

offense under the guidelines among other things violated Anguiano's due process under the 5th Amendment and right to have effective assistance of counsel at sentencing and on direct appeal even-though Anguiano requested his counsel to do so.

In support of this argument, Anguiano cites United States v. Campbell, 22 F.4th 438 (4th Cir. 2022) in which the defendant appealed his career offender enhancement under United States Sentencing Guideline "U.S.S.G." § 4B1.1 arguing the commission of an attempt crime did not constitute a "controlled substance offense" under the Sentencing Guideline's definition of the same.

Campbell is factually distinguishable from this case, not to mention nonbinding precedent. Here, Anguiano was not considered a Career Offender under §4B1.1 nor did he receive any points under Chapter Four of the Sentencing Guidelines. Accordingly, there was no reason to determine whether his instant offense was a "controlled substance offense."[1] As the underlying argument lacks any merit, both trial and appellate counsel were well within their rights not to assert this argument.

2. Rule 11(c)(1)(C) Plea

Anguiano's second claim is that his trial counsel withheld the existence of a potential plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) which would have resulted in a 24-30 month sentence. Anguiano contends because he was never made aware of the possibility of the plea, he was sentenced to 120 months imprisonment. In support, Anguiano references a second presentence addendum. Anguiano further suggests he asked his appellate attorney to raise the issue on appeal, but she failed to do so.

---

[1] The term "controlled substance offense" is defined in the commentary to §4B1.1. It is not found in §2D1.1 which contains the guideline for Anguiano's instant offense §2D1.1(b)(4) – distribution of a controlled substance in a prison, correctional facility or detention facility.

We have reviewed the record including all of the presentence reports and any addenda (Doc. 74, 86, and 128) and have not found a reference to a plea agreement pursuant to Rule 11(c)(1)(C). Anguiano provides nothing more than his conclusory assertion that such a plea agreement existed. As there is no reason to believe such an offer existed much less that his counsel withheld the information from Anguiano. Thus, this claim also lacks merit, and his counsel was within their rights not to raise the argument at sentencing or on appeal.

3. Unlawful Amendment of the Indictment

Anguiano's third and final argument is that his attorneys erred by not raising the argument that the United States and this court unlawfully amended his indictment in the plea agreement and at sentencing by adding "possess with intent to distribute and attempt to distribute" and "using the word 'IF' as a nexus to possess with intent to distribute and attempt to possess with intent to distribute." Anguiano contends the is overly broad, ambiguous, and violated Stirone[2] and the notice and due process clauses of the Fifth and Sixth Amendments.

"A constructive amendment of an indictment occurs when the trial court 'through its instructions and facts it permits in evidence, allows proof of an essential element of a crime on an alternative basis permitted by the statute but not charged in the indictment..'" United States v. Griffin, 324 F.3d 330, 355 (5th Cir. 2003) (quoting United States v. Arlen, 947 F.2d 139, 144 (5th Cir. 1991) (quoting United States v. Slocacek, 867 F.2d 842, 847 (5th Cir. 1989)). The Fifth Amendment guarantees a defendant will be tried only for charges alleged in a grand jury indictment or grand jury superseding indictment.

Anguiano was indicted on or about August 22, 2018 with two co-defendants in an 8-count indictment. Anguiano was indicted on five charges, but the only one relevant here is

---

[2] Anguiano provides no citation for Stirone nor a full case name. Accordingly, we assume that he is referencing Stirone v. United States, 361 U.S. 212 (1960).

8

Count 1 – Attempt to Obtain or Possess Contraband in Prison- to which he entered a plea of guilty. Count 1 in the indictment provides:

> Beginning on a date unknown to the grand jury, and continuing until or on about the 31st day of March 2016, within Grant Parish and the Western District of Louisiana, and elsewhere, the defendant, Santiago Delfierro Anguiano, aka "Shag," an inmate at the FCC Pollock, attempted to obtain and possess a prohibited object as defined in Title 18, United States Code, Section 1791(d)(1)(C), to wit: a quantity of methamphetamine, a Schedule II controlled substance as defined in Title 21, Code of Federal Regulations, Section 1308.12(d)(2), in FCC Pollock, a federal correctional and penal facility in which persons are held in custody by direction of the Attorney General, in violation of Title 18, United States Code, Section 1791(a)(2) and (b)(1).

That count was referenced in the plea agreement and during the change of plea hearing. At no time did the Government or the court alter the aforementioned language. In accepting the plea agreement and at all stages during the change of plea hearing, Anguiano accepted that very language. Again, he makes an assertion of wrongdoing, but provides no evidence of the same. As such, there was no basis for his counsel, trial or appellate, to assert the argument he contends they failed to assert.

D. Conclusion

As all three of Anguiano's claims of ineffective assistance of counsel lack merit, it is

ORDERED, ADJUDGED, and DECREED that Anguiano's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 135) is DENIED and DISMISSED with prejudice.

THUS DONE AND SIGNED at Alexandria, Louisiana this 23rd day of October 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT